UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


DENISE NEAL,

    Plaintiff,

vs.                                    Case No. 3:08-cv-146-J-HTS[1]

MICHAEL ASTRUE,
Commissioner of Social
Security,

    Defendant.

_____


**OPINION AND ORDER**[2]

**I. Status**

Denise Regina Neal is appealing the Social Security Administration's denial of her claim for Supplemental Security Income.[3] Her alleged inability to work is based on injuries received in a motor vehicle accident resulting in left arm problems and an inability to stand for long periods. *See* Transcript of Administrative Proceedings (Tr.) at 68, 571. Ms. Neal was

---

[1] The parties have consented to the exercise of jurisdiction by a United States Magistrate Judge. Notice, Consent, and Order of Reference - Exercise of Jurisdiction by a United States Magistrate Judge (Doc. #9).

[2] Pursuant to § 205(a)(5) of the E-Government Act of 2002, this Order is available electronically. It is not otherwise intended for publication or to serve as precedent.

[3] A claim for Disability Insurance Benefits was eliminated due to an amended onset date that is subsequent to the expiration of Plaintiff's insured status. *See* Transcript of Administrative Proceedings at 19, 632.

ultimately found not disabled by Administrative Law Judge (ALJ) JoAnn L. Anderson on August 16, 2007. *Id.* at 19, 30. Claimant has exhausted the available administrative remedies and the case is properly before the Court. On appeal, it is claimed the judge "erred by failing to properly evaluate and consider the medical opinions . . . offered by both a treating and examining physician." Memorandum in Support of Plaintiff's Appeal of the Commissioner's Decision (Doc. #12; Memorandum) at 11 (emphasis omitted).

## II. Legal Standard

This Court reviews the Commissioner's final decision as to disability[4] pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Whereas no special deference is accorded the application of legal principles, findings of fact "are conclusive if supported by substantial evidence[.]" *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007) (internal quotation marks omitted); *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001) (quoting *Falge v. Apfel*, 150 F.3d 1320, 1322 (11th Cir. 1998)). Substantial evidence has been defined as "'such relevant

---

[4] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); *see* 42 U.S.C. § 1382c(a)(3)(A). An ALJ must follow the five-step sequential inquiry described in 20 C.F.R. §§ 404.1520, 416.920, determining as appropriate whether the claimant 1) is currently employed; 2) has a severe impairment; 3) is disabled due to an impairment meeting or equaling one listed in the regulations; 4) can perform past work; and 5) retains the ability to perform any work in the national economy. *See also Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004).

evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Falge*, 150 F.3d at 1322 (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see also Ingram*, 496 F.3d at 1260. Despite the existence of support in the record, the ALJ's determination may not be insulated from remand where there is a "failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted[.]" *Ingram*, 496 F.3d at 1260 (internal quotation marks omitted); *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

## III. Discussion

### A. Doctor Chung

According to Plaintiff, "the ALJ failed to properly evaluate Dr. [Sang] Chung's opinions pursuant to the Commissioner's regulations and rulings and the applicable case law and also failed in her duty, considering her reasoning, to re-contact Dr. Chung." Memorandum at 11.

Unless rejected for good cause, a treating physician's opinion "is entitled to substantial weight[.]" *Ogranaja v. Comm'r of Soc. Sec.*, 186 F. App'x 848, 850 (11th Cir. 2006) (per curiam) (quoting *Edwards v. Sullivan*, 937 F.2d 580, 583 (11th Cir. 1991)); *see also Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004). Further, the weight afforded a treating doctor's opinion must be

specified along with "any reason for giving it no weight, and failure to do so is reversible error."  *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986); *see also Phillips*, 357 F.3d at 1241 ("When electing to disregard the opinion of a treating physician, the ALJ must clearly articulate [his or her] reasons.").

"The treating physician's report may be discounted when it is not accompanied by objective medical evidence or is wholly conclusory."  *Edwards*, 937 F.2d at 583; *see also Ogranaja*, 186 F. App'x at 850; *Phillips*, 357 F.3d at 1240-41.  ALJs, however, may not simply substitute their own judgment for that of a medical expert.  *See Graham v. Bowen*, 786 F.2d 1113, 1115 (11th Cir. 1986) (per curiam).  It has sometimes even been stated that, "[w]here the [Commissioner] has ignored or failed properly to refute a treating physician's testimony, . . . as a matter of law . . . he has accepted it as true."  *MacGregor*, 786 F.2d at 1053.

Whether the treating physician standard is applicable in this case is perhaps open to some doubt.  Noting "the only records from Dr. Chung are very sketchy notes dated June 12 and September 19, 2006, and February 9, 2007[,]" that "do not contain actual examination findings[,]" Defendant characterizes as "questionable" the "evidence that Dr. Chung had ever examined Plaintiff, much less offered any treatment."  Memorandum in Support of the Commissioner's Decision (Doc. #13) at 13-14.  Claimant maintains

"Dr. Chung provided treatment . . . and, though he only saw her according to the evidence of record three times, that was two more times than any other doctor who offered an opinion regarding her impairments and resulting functional limitations." Memorandum at 15; *see also id.* at 5. She also summarizes her testimony "that she receives her medications from Dr. Chung, who[m] she has seen five to six times." *Id.* at 8 (internal quotation marks omitted); *cf.* Tr. at 660.

The ALJ acknowledged Ms. Neal "gets her medications from Dr. Chung," but observed "she has seen this physician only a few times." Tr. at 27. Given that the judge does not appear to have specifically rejected the proposition Dr. Chung provided treatment, the Court will employ the standard articulated above in assessing the ALJ's analysis of his opinions. Of course, this does not mean they are necessarily entitled to any weight. The nature and quality of the accompanying evidence and the extent of the treating relationship remain important aspects of the inquiry.

The evidence of record from Dr. Chung consists of a completed Residual Functional Capacity Questionnaire, *see id.* at 552-54, and, presumably, two pages of notes. *See id.* at 555-56. The questionnaire offers conclusions, while the notes fail to clearly indicate what examinations, if any, were performed. The entry for June 12, 2006, is minimal and reveals no findings. *See id.* at 556.

A note from September 19, 2006, reports "status post motor vehicle accident[,]" lists various fractures,[5] and states "obtain medical report[,]" whereas the entry dated February 9, 2007, seems to indicate essentially that the patient was asking for a certificate stating she was "unable to work[.]"  *Id.*  The judge was thus justified in pointing out the minimal contact with this physician, and in writing that Dr. Chung's assessment is "not accompanied by thorough, contemporaneous notes[.]"  *Id.* at 27; *cf.* Memorandum at 17 ("Ms. Neal recognizes that the treatment notes which accompany Dr. Chung's opinion evidence are very sparse and lacking in detail.").  Pursuant to the standard articulated above, she was free to discount it in the absence of a duty to recontact the doctor.[6]

Claimant, though, asserts the lack of meaningful notes from Dr. Chung "gives rise to the ALJ's duty to recontact [him] pursuant to 20 C.F.R. §416.912(e)(1)."  Memorandum at 17.  The regulation cited provides that when the evidence received from a treating

---

[5] The referenced accident apparently occurred in January 2000. *See, e.g., id.* at 21, 27, 432, 640-41.  "[T]he claimant was previously awarded a closed period of disability, from January 2000 through August 2001." *Id.* at 18; *see also id.* at 27, 337-41, 590, 629.

[6] Therefore, that additional reasons provided by the judge may have been excessively generic or insufficient standing alone is not determinative. The Court does note, however, that Dr. Chung's opinion as to Plaintiff's restrictions seems to "go beyond [even] the limitations asserted by the claimant in her testimony[.]" Tr. at 27.  For instance, the provider suggested Ms. Neal could never perform lifting and carrying functions. *See id.* at 553. *But cf. id.* at 648, 658 (Plaintiff's testimony).

physician "is inadequate for [the Commissioner] to determine whether [a claimant is] disabled," he "will first recontact [the] treating physician . . . to determine whether the additional information . . . is readily available." Specifically, "additional evidence or clarification [will be sought] when the report . . . contains a conflict or ambiguity that must be resolved, the report does not contain all the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques."

"In evaluating whether it is necessary to remand," courts "are guided by whether the record reveals evidentiary gaps which result in unfairness or clear prejudice." *Couch v. Astrue*, 267 F. App'x 853, 855 (11th Cir. 2008) (per curiam) (internal quotation marks omitted). "The Social Security regulations do not require an ALJ to recontact a treating physician whose opinion was contradictory or unreliable. The duty to recontact . . . is triggered when the evidence is insufficient to make an informed determination[.]" *James v. Astrue*, No. 4:07CV1382, 2008 WL 4204712, at *9 (E.D. Mo. Sept. 8, 2008).

Here, Ms. Neal "does not argue that the record is missing any relevant medical records." *Id.* at *10; *cf. Couch*, 267 F. App'x at 855 ("[I]t appears that the ALJ was in possession of all of [the doctor's] medical records[.]"). The record of proceedings in this

case is nearly 700 pages long and includes multiple medical reports along with the transcripts of several hearings. *Cf.* James, 2008 WL 4204712, at *10. That the judge chose to rely upon information from sources such as William N. Campbell, who conducted an orthopedic evaluation, *see* Tr. at 28, 506-07, has not been shown erroneous. Under the circumstances, no duty to recontact Dr. Chung has been established.

**B. Doctor Harper-Nimock**

Several factors govern the analysis of information from nontreating[7] sources. As an initial matter, it is noted examining doctors' opinions are not entitled to deference. *See McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987) (per curiam); *see also Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1160 (11th Cir. 2004) (per curiam). However, the ALJ is required to consider every medical opinion that is in evidence. *See* 20 C.F.R. §§ 404.1527(d), 416.927(d). Unless a treating source is given controlling weight, an opinion should be evaluated by examining such factors as: (1) length and frequency of treatment (if any), (2) nature and extent of the relationship, (3) supportability, (4) consistency, and (5) specialization. *See id.* §§ 404.1527(d)(2)-(6), 416.927(d)(2)-(6).

---

[7] "Nontreating source means a physician, psychologist, or other acceptable medical source who has [performed an] examin[ation] but does not have, or did not have, an ongoing treatment relationship with [the claimant]." 20 C.F.R. §§ 404.1502, 416.902 (emphasis omitted).

Furthermore, the ALJ "must explain why significant probative evidence has been rejected." *Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) (per curiam) (internal quotation marks omitted).

Aside from concluding the physician's opinions are "contrary to the objective medical evidence[,]" and unaccompanied "by thorough, contemporaneous notes[,]" the ALJ determined the restrictions found by Dr. Lynn Harper-Nimock "go beyond the limitations asserted by the claimant in her testimony at the hearing." Tr. at 27. Further, "[t]he limitations set forth by Dr. Harper-Nimock, who saw the claimant on a consultative basis, are not consistent with her opinion that the claimant has only moderate limitations for heavy lifting, pushing and pulling, and for prolonged sitting, standing and climbing." *Id.*

Dr. Harper-Nimock examined Plaintiff and tendered an orthopedic examination report dated May 2, 2007. *See id.* at 557-60. Additionally, she submitted a Range of Motion Report Form, *see id.* at 561-63, and a Medical Source Statement of Ability to Do Work-Related Activities (Physical) (Statement). *See id.* at 564-70. In the examination report, it was indeed opined "[t]he claimant had moderate limitations for heavy lifting, pushing, and pulling, for prolonged sitting, standing, and climbing." *Id.* at 560. The Statement, on the other hand, declares Plaintiff can "[n]ever" lift

- 9 -

or carry even light items, *id.* at 564, or climb stairs, ramps, ladders, or scaffolds.  *Id.* at 567.

The judge appropriately determined the records submitted by this doctor are contradictory and the opinions rendered insufficiently supported.  Regardless of the examination report's failure to expound upon the term *moderate*, it is apparent any reasonable definition of a moderate limitation upon heavy lifting and climbing would permit a greater degree of these activities than that expressed via the Statement.  Additionally, the opinions are in tension with Claimant's own admissions.  Ms. Neal testified she supposed she could lift and carry ten pounds, noting no problem with lifting a gallon of milk.  *Id.* at 648.  She simply could not lift "heavy things."  *Id.* at 658.

Regarding the contention "the ALJ could have re-contacted Dr. Harper-Nimock[,]" Memorandum at 20, there was no requirement that this nontreating medical source be recontacted before her conclusions were rejected.  Here, the ALJ did not find the information she had was inadequate to make a determination.  Rather, she decided Dr. Harper-Nimock's conclusions were inconsistent—both internally and with the record—and refused to credit them.  Plaintiff's suggestion that she should have recontacted the doctor before doing so is not well taken.

## IV. Conclusion

In accordance with the foregoing, the Clerk of the Court is directed to enter a judgment pursuant to sentence four of 42 U.S.C. § 405(g), as incorporated by 42 U.S.C. § 1383(c)(3), **AFFIRMING** the Commissioner's decision.

**DONE AND ORDERED** at Jacksonville, Florida, this 14th day of January, 2009.

/s/ Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of record
 and pro se parties, if any